## In re TORGERSEN.

### Patent Appeal No. 4183.

Court of Customs and Patent Appeals.

June 5, 1939.

David Charness, of Milwaukee, Wis., and Eugene E. Stevens, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel) for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Appellant filed his application for a patent for a design for a sock, which application contained a single claim: "The ornamental design for a sock as shown and described."

The Primary Examiner of the United States Patent Office rejected the single claim on the following reference: Greco, 1,745,927, February 4, 1930.

The ornamental design for a sock as shown by the drawing is as follows:

The examiner also pointed out that the patent to Gaines, 2,035,469, March 31, 1936, shows that the combination of a garter and a sock was common art.

Upon appeal, the Board of Appeals said:

"We are not inclined to find patentability in the ornamental design for a sock on appeal in view of the Greco patent. While Greco's garter is evidently detachable from the sock, yet to use the conventional round garter or supporting band with a conventional sock does not ornament the sock, in our opinion.

"However, we have discovered the patent to Hall, No. 719,108, January 27, 1903, which discloses a round garter attached to the front of a sock in much the same manner as in appellant's design and the fact that this patent does not show a 'gathered effect' in the sock or that the garter has no ribs on it seems of minor import. The claim is rejected as unpatentable over Hall."

The patent to Hall, 719,108, January 27, 1903, which seems to be the reference chiefly relied upon by the board, shows a sock with attached supporting garter, flat in character, which at the point of attachment is apparently integral. The draftsman of the drawing has made shading lines which somewhat resemble the surface appearance of elastic fabric.

Appellant urges that neither of the three references has the same pleasing appearance as does his design and stresses at some length the contention that he has shown an attached garter, ribbed in character, which adds additional ornamentation not shown in the cited prior art.

It was the view of the board that the so-called "gathered effect" at the top of the sock and the ribbed garter of applicant's design and the lack of the same in the cited prior art would seem to be "of minor import." The board furthermore was of the opinion that the use of a conventional round garter or supporting band with a conventional sock does not ornament the sock.

The Greco combined sock and garter shows a flat, ribbed garter fastened to an upwardly projecting tab at the center of the upper edge of the sock, said tab having a pair of slits through which, by appropriate fastenings, the garter is firmly fixed to the tab.

The Gaines disclosure is not in the record but the examiner stated in substance that it showed a combination of a garter and a sock.

Appellant argues that it cannot be disputed that he has submitted a new design and that its production required invention. He argues that the questions of novelty, originality and invention are all questions of fact which must be determined from the evidence. He argues that a design, if it produces a new and pleasing effect and if the value of the subject to which it is applied is increased, sufficiently satisfies the requirements of the law as to invention and novelty.

The statute which authorizes the granting of a design patent, Section 4929 of the Revised Statutes (35 U.S.C. § 73, 35 U.S. C.A. § 73), requires that the design to be inventive must be new, original, and ornamental. Section 4893 of the Revised Statutes (35 U.S.C. § 36, 35 U.S.C.A. § 36), requires that the invention be sufficiently *useful and important* before the commissioner is required to issue a patent therefor.

Every new design of an article of manufacture is not, as such, patentable. Many new designs do not contribute in the least to the ornamentation of an article of manufacture. It was the intent of the framers of the design patent law to encourage ornamentation and beautification in manufactured articles so as to increase their saleability and the enjoyment of their use by the public. Just what standards should be set up as to the extent of ornamentation or the degree of inventive faculty required has never been definitely expressed as far as we know by any judicial tribunal. If what appellant has done was measured by the standards required to disclose the inventive faculty rather than mechanical skill when mechanical patents are under consideration, it would seem too obvious to permit of extended discussion that no invention rests in his production.

We are in agreement with the board in its suggestion that attaching a garter to a conventional sock as appellant has done does not ornament the sock. We also are in agreement with it that no invention was required in giving the garter the ribbed effect as shown in the drawing. Surely it is tenuous to argue that making a drawing which shows that the garter used is made of elastic is such an ornamentation of a sock as satisfies the requirements of the patent law.

The decision of the Board of Appeals is affirmed.

Affirmed.